## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
**REFERENCE POINT, LLC**            )
**3033 Wilson Boulevard, Suite 700**  )
**Arlington, Virginia  22201,**        )
                               )
        **Plaintiff,**         )
                               )
**v.**                           )     **Case No. _____**
                               )
**REFERENCE POINT CONSULTING, LLC**  )
**116 Main Street**             )
**Bath, North Carolina 27808**     )
                               )
**and**                          )
                               )
**LINDA KARANIAN, individually**   )
**106 Sandpiper Bay**           )
**Washington, North Carolina 27889,** )
                               )
        **Defendants.**    )
_____)

## COMPLAINT FOR SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

COMES NOW Plaintiff Reference Point, LLC, by its undersigned attorneys, and for its Complaint against Defendants Reference Point Consulting, LLC and Linda Karanian, individually, alleges as follows:

### I.  THE PARTIES

1.    Plaintiff Reference Point, LLC (hereinafter, "Reference Point") is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 3033 Wilson Boulevard, Suite 700, Arlington, Virginia 22201.   Reference Point's predecessor in interest, Charter Consulting Group, LLC (d/b/a Reference Point) (hereinafter, "Charter") was founded in 2002 to provide senior-

level advisory services related to business strategy, process optimization, information technology systems and cost remediation.  It expanded its offerings to provide a full suite of end-to-end operational and technical advisory services.  In 2014, the company was reorganized, with Reference Point, LLC purchasing the assets of Charter, including its intellectual property, goodwill and rights to Charter's website (http://www.refpoint.net).    Plaintiff Reference Point owns and operates a website http://www.referencepoint.com through which it advertises its services nation-wide.

2.      Upon information and belief, Defendant Reference Point Consulting, LLC (hereinafter, "RPC") is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business at 116 Main Street, Bath, North Carolina 27808.  RPC's website, http://www.referencepointconsulting.com describes RPC as "a woman-owned Washington, DC-based consulting service," specializing in federal budget analysis, policy analysis, strategic planning, proposal support, customer relations and government relations.

3.      Upon information and belief, Defendant Linda Karanian (hereinafter, "Karanian") is a citizen and resident of the State of North Carolina residing at 106 Sandpiper Bay, Washington, North Carolina 27889.  Upon information and belief, Defendant Karanian is the founder, controlling owner, manager and president of Defendant RPC.  According to the content on RPC's website http://www.referencepointconsulting.com, before setting up her consulting practice in 2011, Defendant Karanian worked for 33 years at Lockheed Martin in the mechanical engineering, business development and space exploration and space operations programs within Lockheed Martin, including working with management across the National Aeronautics and Space Administration ("NASA").

## II. <u>JURISDICTION AND VENUE</u>

4.     This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §1121(a).

5.     This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.     This Court has personal jurisdiction over Defendant Reference Point Consulting, LLC pursuant to D.C. Code Ann. §§ 13-423(a)(1)-(4) on the grounds that (a) it transacts business in, and derives substantial revenue from services provided in, this Judicial District; and (b) Plaintiff's claims for trademark infringement and unfair competition arise out of those transactions.   Moreover, in an Opposition (No. 91226290) filed with the Trademark Trial and Appeals Board ("TTAB") of the United States Patent and Trademark Office ("USPTO"), RPC has stated that it "conducts a substantial amount of business … in Washington, D.C."

7.     This Court has personal jurisdiction over Defendant Linda Karanian, individually on the grounds that as the founder, controlling owner, manager and president of Reference Point Consulting, LLC, she is principally or solely responsible for the day-to-day operations of the company, including adoption and use of trademarks and marketing of services, and thus is "more than an employee" under the District of Columbia's exception to the corporate shield doctrine articulated in *Covington & Burling v. Int'l Marketing and Research, Inc.*, Civ. No. 01-4360, 2003 WL 21384825 at *6 (D.C. Super. 2003). *See also Nat. Community Reinvestment Coalition v. NovaStar Financial, Inc.*, 631 F. Supp. 2d 1, 5-6 (D.D.C. 2009).

8.    Venue is proper under 28 U.S.C. § 1391(b)(1) through operation of 28 U.S.C. § 1391(c)(2) on the basis that this Court has personal jurisdiction over both defendants, and under 28 U.S.C. § 1391(b)(2) on the basis that a substantial part of the events giving rise to Plaintiff's claims herein occurred in this Judicial District.

### III. <u>FACTS GIVING RISE TO PLAINTIFF'S CLAIMS</u>

**A.  Use of the REFERENCE POINT Service Marks by Plaintiff's Predecessor**

9.    Reference Point's predecessor in interest Charter Consulting Group, LLC was registered as a limited liability company in Washington State on May 1, 2002.

10.    Charter was founded to provide senior-level advisory services related to business strategy, process optimization, information technology systems and cost remediation.  It expanded its offerings to provide a full suite of end-to-end operational and technical advisory services.

11.    Since as early as April 5, 2005, Charter advertised its services under its REFERENCE POINT mark through its website http://www.refpoint.net.  The website was accessible world-wide, including in the Washington, DC and North Carolina areas.

12.    Since as early as November 13, 2010, Charter was using the logo



in connection with advertising its services.

13.    In addition to national advertising through its website, Charter was engaged in marketing efforts specifically in the District of Columbia area, including in January, 2010, entering into a joint marketing agreement with Davis Defense Group, in the Washington D.C.-area to jointly market mid-tier and large organizations in both the public and private

sectors and maintaining an office in the District of Columbia from 2004 to 2005 and in Spotsylvania, Virginia from 2009 to 2014.  Charter also provided its services to the Maryland Department of Public Safety and Corrections through a contract awarded in 2011, contracting in the Baltimore area through MGT of America from March 2009 until the end of the contract around October 2012.

**B.      Charter Consulting Group, LLC Becomes Reference Point, LLC**

14.      On May 5, 2014, Reference Point, LLC was organized as a limited liability company under the laws of the Commonwealth of Virginia.

15.      On May 12, 2014, Reference Point, by written agreement, purchased the assets of Charter, including its intellectual property, goodwill and rights to the website name http://www.refpoint.com and thereby became a successor in interest to Charter.

16.      Reference Point, LLC continued use of the REFERENCE POINT marks in connection with marketing essentially the same services as provided by its predecessor.

17.      Thus, through its use and that of its predecessor, Plaintiff owns the mark and trade name REFERENCE POINT, including its logo and website name (hereinafter, collectively, the REFERENCE POINT marks).

18.      Plaintiff and its predecessor have developed significant goodwill in the REFERENCE POINT marks and an excellent reputation nation-wide across the United States, including in the Washington, D.C. area.

19.      Plaintiffs' REFERENCE POINT marks are widely recognized by the general consuming public as a designations of Plaintiff's services.

20.      Plaintiff's REFERENCE POINT marks are inherently distinctive, and have also become distinctive by Plaintiff's and its predecessor's long use in commerce, to

distinguish Plaintiff and its services from those of other businesses, and to distinguish the source or origin of Plaintiff's services.

**C.    Defendants' Adoption And Use Of A Name And Mark Confusingly Similar To The Reference Point Marks**

21.    Upon information and belief, Defendant Reference Point Consulting, LLC was organized under the laws of the State of North Carolina on July 19, 2011, with Defendant Karanian and her husband as the only members.

22.    RPC adopted a name ("Reference Point Consulting") and website name (http://www.referencepointconsulting.com) confusing similar to the REFERENCE POINT marks.

23.    At the time Defendants adopted the confusingly similar names, they knew, or should have known, of the existence of Charter d/b/a Reference Point and its prior use of the REFERENCE POINT marks.

24.    Defendant RPC offers services similar to those of Plaintiff under the Reference Point Consulting mark and name, including through its website.

25.    Defendant RPC is not affiliated with or sponsored by Plaintiff and has not been authorized to use the Reference Point Consulting name and mark or any other confusingly similar mark.

26.    Defendants' use of the confusingly similar Reference Point Consulting name and mark is likely to cause confusion, to cause mistake, and to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant RPC with Plaintiff, or as to the origin, sponsorship or approval of Defendant RPC's services by Plaintiff.

27.     Defendant's use of the confusingly similar Reference Point name and mark is likely to dilute the distinctive quality of Plaintiff's famous REFERENCE POINT marks.

28.     Defendant Karanian in her capacity as founder, controlling owner, manager and president of RPC directly, actively and knowingly participated in the adoption and continued use of the confusingly similar name and mark.

29.     Plaintiff has been damaged by Defendants' actions in adopting a name and mark confusingly similar to Plaintiff's REFERENCE POINT marks.

**D.     Origin Of The Dispute With Reference Point Consulting, LLC**

30.     In June, 2014, Scott Goeden, a partner with Reference Point, discovered that Linda Karanian was using a name and mark confusingly similar to Plaintiff's REFERENCE POINT service marks in promoting her company Reference Point Consulting.   On June 25, 2014, Mr. Goeden contacted her and explained that Reference Point had priority in the REFERENCE POINT marks and that she was marketing her consulting services under a confusingly similar mark.   Mr. Goeden offered to purchase the rights to her website address http://referencepointconsulting.com and to build her a new website with a name not confusingly similar to the REFERENCE POINT word mark if she would discontinue use of the name Reference Point Consulting.

31.     On or about June 28, 2014, RPC's attorney, A. Justin Eldreth, then took over the negotiations.   On or about July 9, 2014, RPC eventually refused Reference Point's offer.

32.     On December 14, 2015, after retaining the services of the undersigned attorneys, Reference Point through counsel sent RPC's attorney a cease and desist letter containing another offer of settlement.   There ensued another round of negotiations which were not successful in resolving the dispute.

**E.      Ex Parte Application Proceedings Before The USPTO**

33.    Without prior notice or discussion with Mr. Goeden or anyone at Reference Point,

and during the initial negotiations over Reference Point's offer, on June 29, 2014, Mr.

Eldreth filed an application, serial number 86/323,737 to the United States Patent and

Trademark Office ("USPTO") on behalf of his client RPC to register the word service

mark REFERENCE POINT in international class 042 for services identified as:

> Consultation and research in the field of aerospace engineering; Research
> and development and consultation related thereto in the field of
> government relations, government policy analysis, legislation, the federal
> budget process, technologies and complex space systems; Technology
> consultation and research in the field of aerospace; Technology
> consultation in the field of aerospace.

34.    The USPTO Examiner issued a final refusal of RPC's application, serial number

86/323,737, in part on the grounds that RPC did not supply a valid specimen of the

applied-for mark.    RPC did not respond to the final refusal, and the application

consequently became abandoned on June 1, 2015.

35.    Upon learning of RPC's application to register REFERENCE POINT, on July 2,

2014, Reference Point filed its own application to register the REFERENCE POINT

mark, serial number 86/326,869, in international class 035, for services identified as:

> Assistance and advice regarding business organization and management;
> Business acquisition and merger consultation; Business acquisitions
> consultation; Business advisory services, consultancy and information;
> Business analysis and business strategic planning services in the
> technology industry; Business consultancy; Business consultation;
> Business consultation and management regarding marketing activities and
> launching of new products; Business consultation services; Business
> consulting and information services; Business consulting, management,
> planning and supervision; Business development consulting services;
> Business management and consultation; Business management
> consultancy and advisory services; Business management consultancy in
> the field of transport and delivery; Business management consultancy
> services; Business management consulting; Business management

consulting and advisory services; Business merger consultation; Business organization and operation consultancy; Business organization consulting; Business planning; Business strategic planning services; Consultancy services regarding business strategies; Consulting services in business organization and management; Professional business consulting.

36.    Reference Point's application, serial number 86/362,869 was initially suspended based on the Examiner's view that there was a potential likelihood of confusion with RPC's prior-filed application, serial number 86/323,737, and then later approved for publication after RPC's application became abandoned.  The application was published on December 15, 2015.

37.    On November 12, 2014, Reference Point filed another application to register the mark REFERENCE POINT in international class 042, serial number 86/452,137, for services identified in subsequent amendment as:

Research, design and development of computer-based information technology systems; Research and consultation regarding the development and use of hardware and software options for business solutions; Research, design, and consultation regarding computer-based technological infrastructure; Research and consultation on development of software and hardware system increased efficiencies and on enterprise data optimization; Design and development of individualized software to meet specific data and information needs.

38.    Reference Point's application, serial number 86/452,137, was approved for publication, and published on December 15, 2015.

39.    On December 3, 2014, RPC filed an application with the USPTO, serial number 86/469,859 to register the mark REFERENCE POINT CONSULTING in international class 042 for services identified as:

Consulting in the field of aerospace engineering; Consulting services for others in the field of design, planning, and implementation project management of aerospace technologies in the field of government relations, government policy analysis, legislation, the federal budget process, technologies and complex space systems; Research of

aerospace technologies in the fields of government relations, government policy analysis, legislation, the federal budget process, technologies and complex space systems; Technology consultation and research in the field of aerospace technology research and analysis for government space systems; Technology consultation and research in the field of aerospace focused on government space systems including rocket propulsion and satellite subsystems for human space flight; Technology consultation in the field of aerospace focused on government space systems including rocket propulsion and satellite subsystems for human space flight.

40.     RPC's application was suspended by the Examiner in view of a possible likelihood of confusion with Reference Point's prior-filed applications, serial numbers 86/326,869 and 86/452,137, and it remains suspended pending the resolution of those applications.

41.     On June 16, 2015, Plaintiff Reference Point filed an application (serial number 86/664,429) with the USPTO to register its word plus design mark



in international class 042 for the identical services identified in its application, as amended, serial number 86/452,137.  Reference Point's application was approved for publication and was published on November 10, 2015.

**F.     Opposition Proceeding Before The TTAB**

42.     After obtaining extensions of time to file oppositions, on February 12, 2016, Defendant RPC filed a Notice of Opposition (Opposition Proceeding No. 91226290) with the Trademark Trial and Appeal Board ("TTAB") of the USPTO to Plaintiff Reference Point's service mark applications, serial numbers 86/326,869 and 86/452,137.

43.     Opposition Proceeding 91226290 remains pending before the TTAB.

**G.     The Facts Show This Is An Exceptional Case Under 15 U.S.C. § 1117(a) Meriting An Award Of Attorneys' Fees**

44.     Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith with full knowledge and disregard of Plaintiff's rights in the REFERENCE POINT marks.   Defendants have acted with intent to cause confusion or to dilute Plaintiff's famous marks by blurring and to trade on Plaintiff's goodwill in the REFERENCE POINT marks.   This case stands out from others with respect to Defendants' position on the merits considering both the governing law and the facts of this case, as well as the unreasonable manner in which Defendants have pursued this dispute.   Consequently, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) meriting an award of attorneys' fees.

## IV. COUNTS

### COUNT I
### Violation of Lanham Act, 15 U.S.C. § 1125(a):
### Trademark Infringement, False Designation of Origin and Unfair Competition

45.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 44.

46.     Plaintiff owns common law rights in the REFERENCE POINT marks.

47.     The REFERENCE POINT marks are inherently distinctive, or alternatively, have acquired secondary meaning through extensive use in commerce by Plaintiff and its predecessor.

48.     Defendants have infringed Plaintiff's common law rights through its use of the confusingly similar mark and name Reference Point Consulting and website

http://www.referencepointconsulting.com, which are likely to cause confusion to consumers, prospective consumers, job seekers, and the trade as to the source or origin of the services of Defendant RPC.

49.     Defendant Karanian in her capacity as founder, controlling owner, manager and president of RPC directly, actively and knowingly participated in the adoption and continued use of the confusingly similar name and mark.

50.     Defendants' use of their confusingly similar name and mark is irreparably injuring Plaintiff and unless enjoined will continue to do so.

**COUNT II**
**Violation of the Lanham Act, 15 U.S.C. § 1125(c):**
**Dilution of a Famous Mark**

51.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 50.

52.     Plaintiff's REFERENCE POINT marks are famous as they are widely recognized by the consuming public of the United States as designations of the source of Plaintiff's services.

53.     Defendants' commencement and/or continued use of its Reference Point Consulting name and mark in commerce is likely to cause dilution by blurring of Plaintiff's famous marks.

54.     Defendant Karanian in her capacity as founder, controlling owner, manager and president of RPC directly, actively and knowingly participated in the adoption and continued use of the confusingly similar name and mark.

55.    Defendants' commencement and/or continued use of its Reference Point Consulting name and marks was willfully intended to trade on the recognition of Plaintiff's famous marks entitling Plaintiff to an award of damages as well as injunctive relief.  15 U.S.C. § 1125(c)(5).

**COUNT III**
**Violation of District of Columbia Common Law**
**Trademark Infringement, False Designation of Origin and Unfair Competition**

56.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 55.

57.    Plaintiff owns common law rights in the REFERENCE POINT marks.

58.    The REFERENCE POINT marks are inherently distinctive, or alternatively, have acquired secondary meaning through extensive use in commerce by Plaintiff and its predecessor.

59.    Defendants have infringed Plaintiff's common law rights through its use of the confusingly similar mark and name Reference Point Consulting and website http://www.referencepointconsulting.com, which are likely to cause confusion to consumers, prospective consumers, job seekers, and the trade as to the source or origin of the services of Defendant RPC.

60.    Defendant Karanian in her capacity as founder, controlling owner, manager and president of RPC directly, actively and knowingly participated in the adoption and continued use of the confusingly similar name and mark.

61.    Defendants' use of their confusingly similar name and mark is irreparably injuring Plaintiff and unless enjoined will cause further irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Defendants, their agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the mark, name and/or domain name REFERENCE POINT CONSULTING in word or design form, referencepointconsulting.com, and any other mark, trade name, fictitious business name, company name, domain name, or designation that is identical, confusingly similar to, or likely to cause dilution of, the REFERENCE POINT marks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b) Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(c) Plaintiff recover all damages it has sustained as a result of Defendant's activities and that said damages be trebled;

(d) An accounting be directed to determine Defendant's profits resulting from its activities complained of herein and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(e) Plaintiff recover its reasonable attorney fees;

(f) Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(g) Plaintiff recover such other relief as the Court may deem appropriate.

14

Respectfully submitted,
Reference Point, LLC

By Counsel:

FARKAS+TOIKKA, LLP

_____/S/ Richard S. Toikka_____
Richard S. Toikka, DC Bar #416721
Rachel L.T. Rodríguez, DC Bar #501324
1101 30th St. NW, Suite 500
Washington, DC  20007
Phone: 202-337-7200
Facsimile: 202-337-7808
rlt@farkastoikka.com
rst@farkastoikka.com